# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Securities and Exchange Commission,

   Plaintiff,

                v.

Quentin Louis Wilcox,

   Defendant.

No.  2:19-cv-02437-SRB

**FINAL JUDGMENT AS TO DEFENDANT QUENTIN LOUIS WILCOX**

## FINAL JUDGMENT AS TO DEFENDANT QUENTIN LOUIS WILCOX

The Securities and Exchange Commission having filed a Complaint and Defendant Quentin Louis Wilcox having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

1

2

3

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

4

5

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

6

7

8

9

10

11

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

12

13

    II.

14

15

16

17

18

    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

19

    (a)    to employ any device, scheme, or artifice to defraud;

20

21

22

23

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

24

25

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

26

27

28

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or

1   otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

2   other persons in active concert or participation with Defendant or with anyone described

3   in (a).

4                                                    III.

5          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

6   liable for disgorgement of $55,154.70, representing profits gained as a result of the

7   conduct alleged in the Complaint, together with prejudgment interest thereon in the

8   amount of $3,744.83, and a civil penalty in the amount of $55,154.70 pursuant to Section

9   20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21A of the Exchange Act

10  [15 U.S.C. § 78u-1].  Defendant shall satisfy this obligation by paying $114,054.23 to the

11  Securities and Exchange Commission pursuant to the terms of the payment schedule set

12  forth in paragraph IV below after entry of this Final Judgment.

13          Defendant may transmit payment electronically to the Commission, which will

14  provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be

15  made directly from a bank account via Pay.gov through the SEC website at

16  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check,

17  bank cashier's check, or United States postal money order payable to the Securities and

18  Exchange Commission, which shall be delivered or mailed to

19          Enterprise Services Center

20          Accounts Receivable Branch

21          6500 South MacArthur Boulevard

22          Oklahoma City, OK 73169

23  and shall be accompanied by a letter identifying the case title, civil action number, and

24  name of this Court; Quentin Louis Wilcox as a defendant in this action; and specifying

25  that payment is made pursuant to this Final Judgment.

26          Defendant shall simultaneously transmit photocopies of evidence of payment and

27  case identifying information to the Commission's counsel in this action.  By making this

28  payment, Defendant relinquishes all legal and equitable right, title, and interest in such

3

funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $ 114,054.23 in two (2) installments to the Commission according to the following schedule:  (1) $10,000, within 14 days of entry of this Final Judgment; (2) $104,054.23 on February 7, 2020.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated this 23rd day of April, 2019.

Susan R. Bolton
United States District Judge